Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6583 | **DATE** | 11/16/2010 |
| **CASE TITLE** | Hilario Rivas-Melendrez vs. Janet Napolitano, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, petitioner Hilario Rivas-Melendrez's "Motion to Reconsider and for Leave to File Amended Complaint" [6] is taken under advisement. The government is requested to submit a response on or before 12/2/2010. Rivas's reply brief is due on or before 1/6/2011. The court will rule electronically and set further dates as appropriate.

■[ For further details see text below.]                                                                 Notices mailed.

## STATEMENT

  Petitioner Hilario Rivas-Melendrez ("Rivas") alleges that, on August 17, 2010, he was unlawfully and improperly removed from the United States to Mexico by agents of the United States government. On October 14, 2010, Rivas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this court, seeking "a Declaratory Judgment holding that the removal order itself was defective and that he was wrongfully removed from the United States." (Dkt. No. 1 ¶ 5.) This court dismissed Rivas's petition for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), which states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." (Dkt. No. 5.)

  Rivas has since filed a "Motion to Reconsider and for Leave to File an Amended Complaint" (Dkt. No. 6) pursuant to Federal Rules of Civil Procedure 60(b) and 15(a). Rivas argues that this court's previous order was entered in error, insofar as it was based on the court's "misconstrued belief that Petitioner was seeking review of a removal order." (*Id.* ¶ 1.) According to Rivas, he is actually seeking "a writ compelling ICE to return him to Chicago, along with a declaratory judgment that he is eligible to file an appeal with the Board of Immigration Appeals." (*Id.*)

  Rivas argues that this court has jurisdiction to grant his requested relief pursuant to 8 U.S.C. § 1252(f)(2), which states:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

| STATEMENT |
|---|

8 U.S.C. § 1252(f)(2). It is Rivas's position that his August 17, 2010 removal was unlawfully executed in violation of 8 C.F.R. §§ 1003.6(a), (b) and 8 C.F.R. § 1003.23(b)(4)(iii), and that he can therefore "show by clear and convincing evidence that the execution of his removal order was prohibited as a matter of law." (Mot. ¶¶ 8, 10, 19.)

     This court is not aware of any cases in which a district court has ordered the type of affirmative relief now sought by Rivas pursuant to § 1252(f)(2). In light of the unique posture of this case, and the lack of government involvement thus far in the litigation, Rivas's 60(b) motion is taken under advisement. The government is requested to submit a response on or before 12/2/2010. Rivas's reply brief is due on or before 1/6/2011. The court will rule electronically and set further dates as appropriate.

*James F. Holderman* (signature)