# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6583 | **DATE** | 5/3/2011 |
| **CASE TITLE** | Hilario Rivas-Melendrez vs. Janet Napolitano, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, petitioner Hilario Rivas-Melendrez's "Motion to Reconsider and for Leave to File Amended Complaint" [6] is denied. The court's October 27, 2010 order dismissing this case for lack of subject-matter jurisdiction remains in effect. Civil case terminated.

■[ For further details see text below.]    Notices mailed.

## STATEMENT

Petitioner Hilario Rivas-Melendrez ("Rivas") alleges that, on August 17, 2010, he was unlawfully and improperly removed from the United States to Mexico by agents of the United States government. On October 14, 2010, Rivas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this court, seeking "a Declaratory Judgment holding that the removal order itself was defective and that he was wrongfully removed from the United States." (Dkt. No. 1 ¶ 5.) This court dismissed Rivas's petition for lack of subject-matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), which states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." (Dkt. No. 5.)

Rivas has since filed a "Motion to Reconsider and for Leave to File an Amended Complaint" (Dkt. No. 6 ("Rivas's Mot.")) pursuant to Federal Rules of Civil Procedure 60(b) and 15(a). Rivas argues that this court's previous order was entered in error, insofar as it was based on the court's "misconstrued belief that Petitioner was seeking review of a removal order." (*Id.* ¶ 1.) According to Rivas, he is actually seeking "a writ compelling ICE to return him to Chicago, along with a declaratory judgment that he is eligible to file an appeal with the Board of Immigration Appeals." (*Id.*)

Rivas's underlying petition is based on his assertion that he was unlawfully removed from the United States on August 17, 2010, before his statutory time to appeal had expired. This court need not decide whether Rivas's August 17, 2010 removal was actually unlawful for purposes of addressing the jurisdictional issues now before the court, and for ease of discussion accepts as true the allegation that "the execution of [Rivas's] removal order was and is prohibited as a matter of law." (*Id.* ¶ 10.) Even accepting this assertion, however, the court does not have jurisdiction to grant Rivas's requested relief.

| STATEMENT |
|---|

In his motion to reconsider, Rivas clarifies that he is not seeking review of the underlying removal order, but is instead "seek[ing] a finding that the *execution* of the order was unlawful." (Rivas's Mot. ¶ 19 (emphasis added).) This clarification does not cure the jurisdictional defects in this case, although it does shift the court's analysis away from § 1252(a)(5) and toward § 1252(g). Section 1252(g) states,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Rivas's argument that "[t]his Court may grant relief under the habeas corpus statute, 28 U.S.C. § 2241, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the All Writs Act, 28 U.S.C. § 1651" (Rivas's Mot. ¶ 11) is therefore unavailing. *See also Foster v. Townsley*, 243 F.3d 210, 214 (5th Cir. 2001) (finding no subject-matter jurisdiction over allegedly unlawful execution of removal order in violation of automatic stay, because "a plain reading of [§ 1252(g)] demonstrates that Congress did not exclude non-discretionary decisions from this provision limiting judicial review"). Simply put, "a district court lacks jurisdiction to compel the Attorney General to initiate or resolve proceedings that would lead to relief from removal." *Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787-88 (7th Cir. 2002) (applying § 1252(g)).

Rivas argues that this court is nevertheless authorized to order the requested injunctive relief pursuant to § 1252(f)(2), which states:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2). Section 1252(f)(2) includes a limited exception to § 1252(g) by authorizing courts to enjoin the removal of an alien under certain circumstances. This court is not convinced that § 1252(f)(2) can be, or should be, construed as granting the type of injunctive authority asserted by Rivas. *Cf. Nken v. Holder*, 129 S. Ct. 1749, 1759 (2009) ("the exact role of subsection (f)(2) . . . is not easy to explain"). As the Supreme Court recognized in analyzing similar language contained in an earlier version of § 1252(f),"[b]y its plain terms, and even by its title, [§ 1252(f)] is nothing more or less than a limit on injunctive relief. . . . To find in this an affirmative grant of jurisdiction is to go beyond what the language will bear." *Reno v. Am.-Arab Anti-Discrimination Committee*, 525 U.S. 471, 481 (1999).

Even if this court were to disregard the explicit jurisdictional bar of § 1252(g), the court nevertheless lacks any affirmative grant of jurisdiction under the statutory provisions cited by Rivas. As noted by Respondents, neither the Declaratory Judgement Act nor the All Writs Act functions to provide an independent grant of subject-matter jurisdiction, and habeas jurisdiction does not apply because Rivas is not "in custody" pursuant to the terms of 28 U.S.C. § 2241(c). *See Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) (finding lack of subject-matter jurisdiction under § 2241 when the United States exercised "no ongoing control, restraint or responsibility" over the departed resident alien plaintiff, other than denying him permission to re-enter the United States); *see also Samirah v. Holder*, 627 F.3d 652, 661 (7th Cir. 2010) (reaffirming that "Habeas corpus is a remedy for people in custody; exclusion from the United States is not custody."). Rivas has cited no cases asserting habeas jurisdiction over a removed or departed alien, and this

**STATEMENT**

court is not aware of any.

The court does not lightly dismiss Rivas's contention that, "[i]f the Respondents' position prevailed, ICE agents would be free to violate automatic stays of removal and to execute orders of removal without due process, violating the protections provided by both the INA and the U.S. Constitution." (Dkt. No. 10 ("Rivas's Reply") at 4.) However, the court is not entitled to create its own jurisdiction where Congress has not seen fit to do so.

Despite the court's earlier misapprehension of Rivas's claims in this case, the court remains convinced that it is without jurisdiction to grant the relief requested by Rivas in his original petition. Moreover, no information contained in Rivas's proposed amended petition (Rivas's Ex. B) changes this result. Accordingly, Rivas's "Motion to Reconsider and for Leave to File an Amended Complaint" (Dkt. No. 6) is denied.

*James F. Holderman*